UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **PHILLIP TURNER** § | |
| **Plaintiff,** § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. 17-cv-00681 |
| **OFFICER R. MARTINEZ, Badge 1339,** § | |
| **OFFICER E. SANDOVAL, Badge 2085**, § | |
| and **OFFICER J. MORGAN, Badge 533**, § | |
| **Defendants.** § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Phillip Turner ["Turner"], complaining of Defendants, Officer R. Martinez ["Officer Martinez"], Officer E. Sandoval ["Officer Sandoval"], and Officer J. Morgan ["Officer Morgan"], hereby files Plaintiff's Original Complaint and Jury Demand and respectfully shows the following:

### I.     NATURE OF THE ACTION

1.     This is a civil rights action for violation of Turner's First and Fourth Amendment rights under the Constitution of the United States.  Turner was walking around San Antonio on the public sidewalk filming with his video-camera, when Officer Sandoval tried to get Turner to identify himself. When Turner would not, Officer Sandoval started following Turner and recruited Officer Martinez to follow Turner to try to find some basis to force Turner to identify himself.  Finally, when Turner was legally crossing a street on foot without interfering with traffic and without endangering himself or others, he was stopped by Officer Martinez and detained.  When Turner lawfully refused to identify himself, the officers handcuffed and arrested him without probable cause simply for the refusal.

1

## II.   DEMAND FOR JURY TRIAL

2. Plaintiff demands a trial by jury.

## III.   PARTIES

3. Turner, an individual, is a citizen and adult resident of Texas, U.S.A.

4. Officer Martinez, Badge 1339, is an individual citizen and adult resident of Texas and at all relevant times was employed by the City of San Antonio as a Police Officer. He is sued in his individual capacity and can be served with Summons at his work address at the San Antonio Police Department Headquarters, 315 South Santa Rosa, San Antonio, TX 78207.

5. Officer Sandoval, Badge 2085, is an individual citizen and adult resident of Texas and at all relevant times was employed by the City of San Antonio as a Police Officer. He is sued in his individual capacity and can be served with Summons at his work address at the San Antonio Police Department Headquarters, 315 South Santa Rosa, San Antonio, TX 78207.

6. Officer Morgan, Badge 533, is an individual citizen and adult resident of Texas and at all relevant times was employed by the City of San Antonio as a Police Officer. He is sued in his individual capacity and can be served with Summons at his work address at the San Antonio Police Department Headquarters, 315 South Santa Rosa, San Antonio, TX 78207.

## IV.   JURISDICTION

7. This action to vindicate Plaintiff's rights protected by the First and Fourth Amendments to the U.S. Constitution is brought under 42 U.S.C. §§ 1983 and 1988. This Court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §§ 1331 and 1343(a) (3) and (4). This Court also has jurisdiction under 28 U.S.C. §§ 2201 and 2202 to declare the rights of the parties and to grant all further relief found necessary and proper.

## V. VENUE

8. Venue is proper under 28 U.S.C. § 1391(b) because one or more Defendants reside in the Western District of Texas.

9. Venue is also proper under 28 U.S.C. § 1391(b) because all of the events or omissions giving rise to the claims occurred in the Western District of Texas.

## VI. FACTS

### A. INTRODUCTION

10. On or about August 24, 2015, while Turner was innocently filming various buildings and things from a public sidewalk in San Antonio, Officer Sandoval became aware that Turner was filming on the sidewalk outside the fence near the National Security Agency Building.

11. Officer Sandoval approached Turner and asked him to identify himself. Turner stated that he did not want to identify himself.

12. An NSA (National Security Agency) officer came upon the scene and Officer Sandoval told her that Turner would not identify himself; after some conversation, the NSA officer left and did not take any actions against Turner.

### B. POLICE SEIZURE AND ARREST

13. Officer Sandoval then started following Turner while he was filming, apparently just trying to find any reason to force Turner to identify himself. Turner was walking around on the public sidewalk along N.W. Military Drive, and it became obvious to him that both Officer Sandoval and Officer Martinez were following him.

14. The officers kept following him around for over an hour or more.

15. Turner, still continuing to film, saw a Wal-Mart store across the street and decided to

walk over there. Turner walked to where the parking lot he was in entered the street (N.W. Military Dr.) directly across from where the Wal-Mart parking lot entered the street to cross to Wal-Mart, waited on the traffic to clear so that he would not interfere with traffic, and walked across to the side where Wal-Mart was located. As Turner crossed N.W. Military Drive, Officer Martinez stopped Turner and falsely claimed Turner was illegally crossing the street. Officer Martinez called for backup and Officer Sandoval quickly came to the scene, followed by Officer Morgan. The Officers handcuffed and arrested Turner.

16. When Turner was handcuffed and arrested by the Officers, he had not committed, was not committing, or was not about to commit any criminal activity; he was not acting suspiciously or aggressively, was not posing any immediate danger or threat to the safety of the public nor any one of the officers, was not interfering with traffic or causing any disturbance of any kind, and was not interfering with the police duties—the only activity Turner was engaged in was filming. Indeed, the Police Report of the incident prepared by Officer Sandoval stated that "Officer Martinez told the subject he was being arrested for failure to ID [.]" No other reason was given to Turner at the time for his handcuff and arrest.

17. Officer Morgan took Turner to the jail and began the booking process.

18. After Turner was processed (fingerprinted, personal property was taken, and so forth), he was put in a holding cell by Officer Morgan with about ten other prisoners. After about two hours, Officer Morgan came back and told Turner he was being released because there were inconsistencies with the police report. Turner subsequently learned through a public information request that he was allegedly arrested for "Jaywalking and Failure to ID".

19. The officers never apologized for or showed any concern whatsoever about Turner and his civil rights.

20. When Turner was handcuffed and initially held in custody, he was beside the street in plain view of the public for all persons driving by or arriving to observe.

21. Turner had to suffer the embarrassment of being arrested by multiple police officers as if he were a common criminal and of his property being taken away from him; he had to suffer the loss of his time while being taken into custody, being taken downtown, and of his time while in custody. Over the next several months, Turner had to deal with the illegal arrest and lost his personal time that could have been used for other matters.

22. Turner subsequently had to drive from Austin back to San Antonio to deal with this matter. Turner will have to pay for and deal with filing an expunction of the records created because of his arrest.

23. All charges against Turner were dismissed.

### VII. ACTION AGAINST ALL DEFENDANTS UNDER 42 U.S.C. § 1983 FOR VIOLATIONS OF THE FIRST AND FOURTH AMENDMENTS

24. Turner adopts by reference the facts and allegations set forth in paragraphs 1- 23 as though fully set forth herein.

25. Filming San Antonio and crossing N. W. Military Drive at the location where Turner was seized, without a traffic signal and without interfering with any traffic or endangering himself or others—the only things Turner was doing when he was handcuffed and arrested—was not a crime; nor was Turner, at the moment of the crossing, interfering with the duties of the officers in any manner.

26. At that moment, Turner had not committed any crime and was not engaged in, or about to engage in, any crime. He was not threatening any person or any officer; he was not conducting any aggressive or violent activity; and he was not attempting to flee.

27. None of Turner's actions would have provided a reasonable officer with reason to believe

that the officers had probable cause to seize and arrest Turner.

28. There was no probable cause for Turner's arrest and no warrant. In fact, it is apparent from the officers' actions and the statement of the Police Report that the entire incident was an illegal attempt by the officers (1) to "chill" Turner's legal exercise of filming San Antonio from the public sidewalk, and (2) to retaliate against Turner for his lawful refusal to identify himself when first asked by Officer Sandoval.

29. Defendant officers acting under color of law deprived Turner of his constitutionally protected rights under the First Amendment to collect information by the chilling effect of handcuffing and arresting Turner and taking away his camera and stopping him from filming.

30. Defendant officers acting under color of law deprived Turner of his constitutionally protected rights under the Fourth Amendment by handcuffing and arresting him without probable cause, without a warrant, without consent, and without exigent circumstances.

31. Defendant officers acted willfully, deliberately, maliciously, or with reckless disregard for Turner's clearly established rights protected by the First and Fourth Amendments to the U.S. Constitution.

32. As a direct and proximate result of the Defendants' unlawful seizure and arrest, Turner sustained damages for pain and suffering, mental anguish, and other damages as pleaded herein.

## VIII.  LACK OF QUALIFIED IMMUNITY

33. Turner adopts by reference the facts and allegations set forth in paragraphs 1- 32 as though fully set forth herein.

34. It is clearly established law that a person has a First Amendment right to collect information by filming from the public sidewalk without being interfered with by the police in such a manner that a reasonable person would be deterred from filming.

35. It is clearly established law that a person has a Fourth Amendment right to be free from unreasonable seizure and arrest without a warrant and without probable cause.

36. The officers did not observe Turner engage in any criminal conduct and had no reasonable grounds to suspect that Turner had committed or was about to commit any criminal conduct.

37. Turner was merely crossing a street—without interfering with traffic or with the police and without endangering himself or others.

38. The United States Supreme Court held more than thirty seven years ago that it was a violation of the Fourth Amendment to detain a person without reasonable suspicion to believe that the person was engaged in or had engaged in criminal conduct and Texas law does not require a person to produce his identification unless the person has been lawfully placed under arrest.

39. Turner was illegally handcuffed and arrested simply because Turner legally refused to produce his ID as demanded.

40. Turner was nonviolent at all times, was unarmed, and made no threats to the safety of the officers or others at any time prior to and during the officers' illegal acts.

41. Defendant Officers' actions violated "clearly established statutory and constitutional rights of which a reasonable officer would have known."

42. No reasonable officer confronting a situation where the officer had not observed a person engage in any criminal conduct and had no reasonable suspicion to believe that a person was engaging in or had engaged in criminal conduct and with no probable cause and no warrant would have concluded that handcuffing and arresting Turner was reasonable, and therefore Defendant Officers should not be entitled to any protection of Qualified Immunity to avoid

accountability in this case.

## IX.  DAMAGES AND ATTORNEY'S FEES

43.     Turner adopts by reference the facts and allegations set forth in paragraphs 1- 42 as though fully set forth herein.

44.     As a direct and proximate result of Defendant Officers' unlawful actions, Turner suffered deprivations of his constitutional rights guaranteed by the First and Fourth Amendments to the United States Constitution.

45.     Turner incurred damages for loss of reputation, shame, embarrassment, humiliation, mental anguish, pain and suffering, and such other compensatory and tangible consequential damages as the law entitles Plaintiff to recover.

46.     Turner seeks punitive damages against Defendant Officers for their intentional, willful and wanton acts completely ignoring "clearly established statutory and constitutional rights of which a reasonable officer would have known."

47.     Turner hereby sues for these damages, and prays for just and fair recovery thereof.

48.     Turner is entitled to an award of attorney fees and costs under 42 U.S.C. § 1988(b).

## X.  PRAYER FOR RELIEF

49.     For the foregoing reasons, Plaintiff respectfully requests the following:

    a.      Enter a declaratory judgment that the Defendants violated Plaintiff's First and Fourth Amendment rights to be free from Police interference while exercising his right to film and to be free from unreasonable seizure and arrest;

    b.      Award nominal damages for the violations of Plaintiff's Constitutional rights;

    c.      Alternatively award compensatory damages against all Defendants, jointly and severally, in an amount to be determined at trial;

    d.    Award punitive damages against Defendants;

    e.    Enter an award for costs, expenses, and counsel fees pursuant to 42 U.S.C. § 1988(b); and

    f.    Enter such other relief as this honorable Court may deem just and deserving.

DATE: July 24, 2017.

    Respectfully submitted,

    By: s/ Kervyn B. Altaffer Jr.
    Kervyn B. Altaffer Jr.
    State Bar No. 01116575
    Altaffer & Chen PLLC
    4054 McKinney Ave Ste 310
    Dallas, TX 75204
    Tel: 972-234-3633
    Fax: 972-947-3663
    Email: kervyn@altafferlaw.com

    ATTORNEY FOR PLAINTIFF PHILLIP TURNER