IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PHILLIP TURNER, <br>     *Plaintiff(s)*, <br><br> v. <br><br> OFFICER R. MARTINEZ, BADGE 1339, <br> OFFICER E. SANDOVAL, BADGE 2085, <br> AND OFFICER J. MORGAN, BADGE 533, <br>     *Defendant(s)* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | 5:17-CV-00681-DAE |

**DEFENDANT OFFICER R. MARTINEZ
ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES Defendant, **OFFICER R. MARTINEZ** (hereinafter "Defendant"), and reserving the right to file other and further pleadings, exceptions and denials, files this his Original Answer and in support thereof would show unto the Court as follows:

1. The introductory paragraph of Plaintiff's Original Complaint and Jury Demand (Doc. #1) (hereinafter referred to as "Plaintiff's Original Complaint") is merely an identification and listing of the parties to this suit, to which no responsive pleading is required. Defendant asserts that his appearance in this suit and admission that he is a party to this suit does not imply or represent an admission of liability. Defendant denies any allegation or implication of wrongdoing asserted in the introductory paragraph of Plaintiff's Original Complaint.

2. The first sentence of paragraph 1 of Plaintiff's Original Complaint is merely a statement as to the nature of this lawsuit, to which no responsive pleading is required. Defendant denies any allegation or implication of wrongdoing asserted in the first sentence of paragraph 1 of Plaintiff's Original Complaint. Defendant lacks knowledge or information sufficient to form a

belief as to the truth of the allegation that "Turner was walking around San Antonio on the public sidewalk filming with his video-camera" as set forth in Paragraph 1 of Plaintiff's Original Complaint. Defendant denies the remaining allegations in paragraph 1 of Plaintiff's Original Complaint.

3.  Defendant admits that Plaintiff demands a jury trial as alleged in Paragraph 2 of Plaintiff's Original Complaint, and joins with Plaintiff in demanding trial by jury.

4.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of Plaintiff's Original Complaint.

5.  Defendant admits the allegations set forth in Paragraphs 4-6 of Plaintiff's Original Complaint.

6.  Paragraph 7 of Plaintiff's Original Complaint is merely a statement as to the statutory provisions under which Plaintiff is filing suit to which no responsive pleading is required. Defendant denies any allegation or implication of wrongdoing asserted in Paragraph 7 of Plaintiff's Original Complaint. Defendant admits that this court has jurisdiction as alleged in Paragraph 7 of Plaintiff's Original Complaint.

7.  Defendant admits that venue is proper in this court as alleged in Paragraphs 8-9 of Plaintiff's Original Complaint.

8.  Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Original Complaint.

9.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11-12 of Plaintiff's Original Complaint.

10. Defendant denies the allegations contained in Paragraphs 13-14 of Plaintiff's Original Complaint.

11.     Defendant admits that Plaintiff crossed N.W. Military Drive, as alleged in Paragraph 15 of Plaintiff's Original Complaint. Defendant denies the remaining allegations contained in Paragraph 15 of Plaintiff's Original Complaint.

12.     Defendant admits that *one* of the Police Reports prepared by SAPD officers says that "Officer Martinez told the subject he was being arrested for failure to ID" as quoted in Paragraph 16 of Plaintiff's Original Complaint. Defendant denies the remaining allegations contained in Paragraph 16 of Plaintiff's Original Complaint.

13.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17-18 of Plaintiff's Original Complaint.

14.     Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Original Complaint.

15.     Defendant admits that Plaintiff was taken into custody beside a street as alleged in Paragraph 20 of Plaintiff's Original Complaint. Defendant denies any implication of wrongdoing in Paragraph 20 of Plaintiff's Original Complaint.

16.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraphs 21-23 of Plaintiff's Original Complaint.

17.     In response to Paragraph 24 of Plaintiff's Original Complaint, Defendant reasserts each admission or denial as to the allegations in Paragraphs 1-23 of Plaintiff's Original Complaint.

18.     Defendant admits that Plaintiff was not "interfering with the duties of the officers" as alleged in Paragraph 25 of Plaintiff's Original Complaint. Defendant denies the remaining allegations contained in Paragraph 25 of Plaintiff's Original Complaint.

19. Defendant admits that Plaintiff was not "threatening any person" or "attempting to flee" as alleged in Paragraph 26 of Plaintiff's Original Complaint. Defendant denies the remaining allegations contained in Paragraph 26 of Plaintiff's Original Complaint.

20. Defendant denies the allegations contained in Paragraphs 27-28 of Plaintiff's Original Complaint.

21. Defendant denies the allegations contained in Paragraphs 29-32 of Plaintiff's Original Complaint.

22. In response to Paragraph 33 of Plaintiff's Original Complaint, Defendant reasserts each admission or denial as to the allegations in Paragraphs 1-32 of Plaintiff's Original Complaint.

23. Paragraph 34 of Plaintiff's Original Complaint is legal argument to which no responsive pleading is required. Defendant denies any factual allegations contained in Paragraph 34 of Plaintiff's Original Complaint.

24. Paragraph 35 of Plaintiff's Original Complaint is legal argument to which no responsive pleading is required. Defendant denies any factual allegations contained in Paragraph 35 of Plaintiff's Original Complaint.

25. Defendant denies the allegations contained in Paragraphs 36-37 of Plaintiff's Original Complaint.

26. Paragraph 38 of Plaintiff's Original Complaint is legal argument to which no responsive pleading is required. Defendant denies any factual allegations contained in Paragraph 38 of Plaintiff's Original Complaint.

27. Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Original Complaint.

28.  Defendant denies that the officers' acts were illegal as alleged in Paragraph 40 of Plaintiff's Original Complaint. Defendant admits the remaining allegations in Paragraph 40 of Plaintiff's Original Complaint.

29.  Defendant denies the allegations contained in Paragraphs 41-42 of Plaintiff's Original Complaint.

30.  In response to Paragraph 43 of Plaintiff's Original Complaint, Defendant reasserts each admission or denial as to the allegations in Paragraphs 1-42 of Plaintiff's Original Complaint.

31.  Defendant denies the allegations contained in Paragraphs 44-48 of Plaintiff's Original Complaint.

32.  Defendant denies that Plaintiff is entitled to any of the relief requested in the "Prayer for Relief" Paragraph 49, including all subparts in Plaintiff's Original Complaint.

33.  Defendant denies each and every, all and singular, the allegations of Plaintiffs' First Amended Complaint not specifically admitted herein above.

34.  Defendant demands a jury trial.

## AFFIRMATIVE DEFENSES

35.  By way of affirmative defense, and without waiving any other defenses, denials or exceptions, Plaintiff's Original Complaint fails to state a claim against this Defendant upon which relief can be granted.

36.  By way of affirmative defense, and without waiving any other defenses, denials or exceptions Defendant asserts that on the occasion in question he was acting under color of law, in the course and scope of his employment as a licensed and certified peace officer with the City of San Antonio Police Department and within his discretionary authority as a peace officer. Defendant further asserts he did not violate Plaintiff's Constitutional rights nor commit any

wrongful act as alleged in Plaintiff's Original Complaint. Defendant at all times acted in objective good faith in carrying out his duties. At the relevant times Defendant believed that he and/or the other officers at the scene had observed the Plaintiff commit an offense and, therefore had probable cause to believe that Plaintiff had committed a criminal offense. Based upon the foregoing, Defendant pleads he is entitled to the defense of qualified immunity to all of Plaintiffs' claims as a matter of law.

37. By way of affirmative defense, and without waiving any other defenses, exceptions or denials, Defendant denies Plaintiffs are entitled to recover punitive damages against Defendant or attorney's fees in this case under the facts and law of this case.

38. By way of affirmative defense, and without waiving any other defenses, denials or exceptions, Plaintiffs' claims for punitive damages against Defendant cannot be sustained to the extent such are not subject to a fact-specific, reasonable limit. Such might consist of a reasonable maximum multiple of compensatory damages or a fixed, reasonable maximum amount, but it must be based only on the specific facts of this case and Defendant's own acts and omissions, if any, related thereto. Any award of punitive damages which does not bear a reasonable relationship to the specific facts of this case, and which is not limited in specific relation to those facts of Defendant's own acts and omissions, if any, would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution.

39. By way of affirmative defense, and without waiving any other defenses, denials or exceptions, Defendant states any award of punitive damages based on anything other than Defendant's own conduct as alleged in Plaintiffs' pleadings upon which Plaintiffs go to trial would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the due process provisions of the Texas Constitution, because any other basis

for awarding punitive damages in this case would not protect Defendant against impermissible multiple punishment, and could result in an unjust windfall to Plaintiffs.

40. By way of affirmative defense, and without waiving any other defenses, denials or exceptions, Defendant states Plaintiffs' claims for punitive damages against Defendant cannot be sustained because under present Federal law, when considering an award of punitive damages, a jury is (1) not provided standards of sufficient clarity for determining the appropriateness and the appropriate size of the punitive damages award; (2) not adequately instructed on the limits of punitive damages imposed by applicable standards of deterrence and punishment; (3) not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, occupation, wealth and status of Defendant; (4) permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; and (5) not subject to sufficient trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards. Any award of punitive damages under the current state of law and Plaintiff's pleadings, thus, would violate Defendant's rights guaranteed by the Fourteenth Amendment to the United States Constitution.

41. By way of affirmative defense, and without waiving any other defenses, denials or exceptions, Defendant denies that any of Plaintiff's Constitutional or other legal rights were violated by Defendant.  Defendant asserts that the arrest of Plaintiff was legal, justified and as a result of the Plaintiff's actions or omissions.

42.  Defendant hereby moves the Court to order a bifurcated trial of the claim for the actual and punitive damages asserted against Defendant.

    Respectfully Submitted,

    CITY OF SAN ANTONIO
    Andrew Segovia
    City Attorney
    SBN: 24103187
    Office of the City Attorney
    Litigation Division
    Frost Bank Tower
    100 W. Houston St., 18th Floor
    San Antonio, Texas  78205

    /s/ Michael D. Siemer

    Michael D. Siemer
    Assistant City Attorney
    Bar No: 18343670
    (210) 207-8784/ (210) 207-4357 Fax
    Michael.Siemer@sanantonio.gov
    *ATTORNEY FOR DEFENDANT*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system that will send notification of such filing to the following on September 20, 2017:

Kervyn B. Altaffer, Jr.
Altaffer & Chen PLLC
4054 McKinney Ave., Ste. 310
Dallas, Texas 75204

    /s/ Michael D. Siemer

    MICHAEL D. SIEMER